UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

| | | |
|---|---|---|
| In re: | : | CASE NO.: 23-15100-LMI |
| | : | |
| ERIC ERNESTO GARCIA, | : | CHAPTER 7 |
| | : | |
|     Debtor. | : | |
| _____/ | | |

## MOTION TO APPROVE STIPULATION TO COMPROMISE CONTROVERSY

COMES NOW, Robert A. Angueira, Chapter 7 Trustee (hereinafter the "*Trustee*"), and files this Motion to Approve Stipulation to Compromise Controversy with Eric Ernesto Garcia (the "*Debtor*") in the above-styled case, and states as follows:

1. The Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 29, 2023 (the "*Petition Date*").

2. Robert A. Angueira is the duly appointed Chapter 7 Trustee.

3. The §341 Meeting of Creditors was held and concluded on July 27, 2023 (the "*§341 Meeting of Creditors*").

4. The Trustee, through counsel, conducted the Debtor's Rule 2004 Examination on September 20, 2023 (the "*Rule 2004 Examination*").

5. On Schedule A/B, Item #1.1, the Debtor listed a vacant lot located at 17221 NW 290 Street, Okeechobee, FL 34972 valued at $7,687.00 with no liens on Schedule D (the "*Vacant Lot*").

6. The Debtor Vacant Lot is co-owned by the Debtor and a friend as tenants in common. According to the property appraiser's website for Okeechobee County, the Market Value of the Vancant Lot is $14,000.00.

Case No.: 23-15100-LMI

7. At the §341 Meeting of Creditors, the Trustee discovered that within the one-year pre-petition the debtor transferred a 2001 32 Foot Wellcraft Boat (the "*Boat*") to his father. According to the Debtor's testimony at §341 Meeting of Creditors and the Rule 2004 Examination the Boat is worth approximately $20,000.00.

8. The Trustee has asserted that the estate may have certain causes of action against the Debtor and Debtor's father to avoid the transfer of the Boat as a fraudulent or preferential transfer, and has asserted that the estate may also possess an interest in the Boat s (collectively, the "*Potential Claims*").

9. The Vacant Lot and the Potential Claims shall be collectively referred to as the "*Property*."

10. The Debtor has claimed a portion of the Property as exempt.

11. Based on the testimony during the §341 Meeting of Creditors, the testimony during the Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions.

12. The Debtor denies and/or disputes some of the allegations noted above.

13. In an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case and have all signed the Stipulation to Compromise Controversy that is enclosed as Exhibit "1" (the "*Settlement*" or the "*Stipulation*").

14. The Debtor will pay the Trustee the total sum of $24,500.00 to be paid in 14 equal monthly payments of $1,750.00 to be made on the 22nd day of each month starting on October 22, 2023 and ending on November 22, 2024.

15. The payments will be by cashier's check or money orders made payable to the

2

order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

16. As part of the Settlement, the Debtor has agreed that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadlines expire.

17. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

18. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

19. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

20. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

21. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may

exist in this case.

22. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

23. If the Debtor fails to timely make any of the payments described in paragraph 14, then after ten (10) days written notice emailed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge.

24. Furthermore, the Trustee reserves his rights to file an adversary proceeding against the Debtor's father, seeking the turnover of the Boat, in the event the Debtor fails to comply with all the terms of the Stipulation.

25. In the event that the Debtor fails to comply with all the terms of the Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

26. Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides: "On motion by the trustee and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."

27. "[A]pproval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla.

1988)(Cristol, J.) (citing *Rivercity v. Herpel* (*In re Jackson Brewing Co.*), 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen* (*In re Teltronics Servs., Inc.*), 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied, 306 U.S. 636 (1939). The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 B.R. at 891 (quoting *Teltronics Servs.*, 762 F.2d at 189; *Cosoff v. Rodman* (*In re W. T. Grant Co.*), 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983).

28. Based on the specific facts and circumstances of this case, the Trustee has determined that $24,500.00 would be a reasonable settlement amount in this case. The Trustee respectfully submits that application of these principles leads to the conclusion that the Stipulation, enclosed as Exhibit "1", should be approved with the Court retaining jurisdiction to enforce the terms of the settlement.

29. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit 2.

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) granting this motion; (b) approving the stipulation to compromise controversy with the Debtor; (c) granting such other and further relief as this Court deems appropriate.

Respectfully submitted this 2nd day of October, 2023.

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By /s/
YANAY GALBAN, ESQ
Florida Bar No. 0105146

Case No.: 23-15100-LMI

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 2nd day of October, 2023, to all parties on the enclosed mailing matrix.

I CERTIFY that a true and correct copy of the foregoing was served via the Notice of Electronic Filing on this 2nd day of October, 2023, to:

- **Robert A Angueira**   trustee@rabankruptcy.com, fl79@ecfcbis.com;raa@trustesolutions.net;tassistant@rabankruptcy.com;richard@rabankruptcy.com;lillian@rabankruptcy.com

- **Yanay Galban**   yanay@rabankruptcy.com, robert@rabankruptcy.com

- **Office of the US Trustee**   USTPRegion21.MM.ECF@usdoj.gov

- **Robert Sanchez**   COURTNOTES@BANKRUPTCYCLINIC.COM, r51375@notify.bestcase.com

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, Florida 33130
Tel. (305) 263-3328
e-mail yanay@rabankruptcy.com

By _____
YANAY GALBAN, ESQ
Florida Bar No. 0105146

6

**EXHIBIT 1**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re:                                          :         CASE NO.: 23-15100-LMI
                                                :
ERIC ERNESTO GARCIA,                            :         CHAPTER 7
                                                :
         Debtor.                                :
_____/

### STIPULATION TO COMPROMISE CONTROVERSY REGARDING VALUATION AND REPURCHASE OF DEBTOR'S NON EXEMPT ASSETS

This Stipulation is entered into between Robert A. Angueira (the "*Trustee*"), and Eric Ernesto Garcia (the "*Debtor*"), on this 22nd day of September, 2023.

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 29, 2023 (the "*Petition Date*");

WHEREAS, Robert A. Angueira is the duly appointed Chapter 7 Trustee;

WHEREAS, the §341 Meeting of Creditors was held and concluded on July 27, 2023 (the "*§341 Meeting of Creditors*");

WHEREAS, the Trustee, through counsel, conducted the Debtor's Rule 2004 Examination on September 20, 2023 (the "*Rule 2004 Examination*");

WHEREAS, on Schedule A/B, Item #1.1, the Debtor listed a vacant lot located at 17221 NW 290 Street, Okeechobee, FL 34972 valued at $7,687.00 with no liens on Schedule D (the "*Vacant Lot*");

WHEREAS, the Debtor Vacant Lot is co-owned by the Debtor and a friend as tenants in common. According to the property appraiser's website for Okeechobee County, the Market Value of the Vancant Lot is $14,000.00;

WHEREAS, at the §341 Meeting of Creditors, the Trustee discovered that within the one-year pre-petition the debtor transferred a 2001 32 Foot Wellcraft Boat (the "*Boat*") to his father. According to the Debtor's testimony at §341 Meeting of Creditors and the Rule 2004 Examination the Boat is worth approximately $20,000.00;

WHEREAS, the Trustee has asserted that the estate may have certain causes of action against the Debtor and Debtor's father to avoid the transfer of the Boat as a fraudulent or preferential transfer, and has asserted that the estate may also possess an interest in the Boat s (collectively, the "*Potential Claims*");

WHEREAS, the Vacant Lot and the Potential Claims shall be collectively referred to as the "*Property*;"

WHEREAS, the Debtor has claimed a portion of the Property as exempt;

WHEREAS, based on the testimony during the §341 Meeting of Creditors, the testimony during the Rule 2004 Examination, a review of the documents provided to the Trustee and other relevant information, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement;

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

Case No.: 23-15100-LMI

1. The Debtor will pay the Trustee the total sum of $24,500.00 to be paid in 14 equal monthly payments of $1,750.00 to be made on the 22nd day of each month starting on October 22, 2023 and ending on November 22, 2024.

2. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

3. As part of this Settlement, the Debtor agrees that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that this Settlement is approved before such deadlines expire.

4. As part of this Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

5. If the Debtor complies with all the terms of this Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

6. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

3

Case No.: 23-15100-LMI

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above referenced Property.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

9. This Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

10. If the Debtor fails to timely make any of the payments described in paragraph 1, then after ten (10) days written notice emailed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge.

11. Furthermore, the Trustee reserves his rights to file an adversary proceeding against the Debtor's father, seeking the turnover of the Boat, in the event the Debtor fails to comply with all the terms of this Stipulation.

12. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom

Case No.: 23-15100-LMI

enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. The Trustee has accepted this settlement subject to this Court's approval.

15. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this stipulation.

16. Time is of the essence as to all deadlines within this stipulation.

17. This agreement represents the full and complete understanding of the parties.

18. The Trustee believes that this agreement is in the best interest of the estate.

19. This agreement may be signed in counterparts.

20. The Bankruptcy Court will retain jurisdiction to enforce the terms of this settlement.

_____     9/28/23
ERIC ERNESTO GARCIA                         DATE
DEBTOR

_____     10/2/23
ROBERT A. ANGUEIRA                          DATE
TRUSTEE

5



UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(MIAMI, DIVISION)

In re: : CASE NO.: 23-15100-LMI
:
ERIC ERNESTO GARCIA, : CHAPTER 7
:
Debtor. :
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE
STIPULATION TO COMPROMISE CONTROVERSY**

THIS MATTER came to the Court on the Chapter 7 Trustee's Motion to Approve Stipulation to Compromise Controversy [D.E. #___] (the "*Motion*").[1] The Motion has been served on all interested parties and creditors, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court (on Negative Notice). By submitting this form of order, and the Trustee having represented that the Motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or

---

[1] All capitalized terms not otherwise defined in this Order shall have the meanings ascribed to them in the Stipulation.

served on the movant, a response to the Motion, and that the form of order was attached as an exhibit to the Motion, and the Court, having reviewed the file, the Motion and record herein, good cause having been shown, and being otherwise duly advised in the premises, does hereby

**ORDERED AND ADJUDGED** that:

1. The Motion is **GRANTED** and the Settlement is **APPROVED** on the terms and conditions set forth in the Motion and the Stipulation to Compromise Controversy attached as Exhibit "1" to the Motion (the "*Stipulation*" or "*Settlement*").

2. The Debtor will pay the Trustee the total sum of $24,500.00 to be paid in 14 equal monthly payments of $1,750.00 to be made on the 22nd day of each month starting on October 22, 2023 and ending on November 22, 2024.

3. The payments will be by cashier's check or money orders made payable to the order of Robert A. Angueira, Trustee and mailed to the Trustee's office at: 16 SW 1st Avenue, Miami, FL 33130. Each cashier's check or money order should clearly state the name of the Debtor and the case number.

4. As part of the Settlement, the Debtor has agreed that the Trustee may file an Agreed Motion to extend the deadline to Object to Claimed Exemptions and Discharge to ensure that the Settlement is approved before such deadlines expire.

5. As part of the Settlement, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "*Pleadings*"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "*Documents*"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets,

this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

6. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, he will keep all the real and personal property listed on the Bankruptcy Schedules unless it was his intent to surrender such property.

7. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

8. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, the Trustee will not seek turnover of the above referenced Property.

9. Pursuant to the terms of the Stipulation, if the Debtor complies with all the terms of the Stipulation, the Trustee will not pursue any of the potential preference actions that may exist in this case.

10. The Stipulation resolves all issues between the Trustee, and Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

11. If the Debtor fails to timely make any of the payments described in paragraph 2, then after ten (10) days written notice emailed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge.

12. Furthermore, the Trustee reserves his rights to file an adversary proceeding against the Debtor's father, seeking the turnover of the Boat, in the event the Debtor fails to comply with all the terms of the Stipulation.

13. In the event that the Debtor fails to comply with all the terms of the Stipulation, or

should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all assets of the Debtor including, but not limited to, the Property the Debtor has claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs.

14. The settlement proceeds of $24,500.00 are allocated to Potential Claims.

15. The Court retains jurisdiction to enforce the terms of the Settlement.

###

Submitted by

ROBERT A. ANGUEIRA, P.A.
16 S.W. 1st Avenue
Miami, FL 33130
Tel. 305-263-3328
e-mail: yanay@rabankruptcy.com

Copies furnished to:
Yanay Galban, Esq.

*(Attorney Yanay Galban is directed to serve copies of this Order on all parties in interest and to file a Certificate of Service)*

4

```
Case 23-15100-LMI
```

Bank of America
Attn: Bankruptcy
Nc4-105-03-14 Po Box 26012
Greensboro, NC 27420

BB&T/Truist
Attn: Bankruptcy
Po Box 1847
Wilson, NC 27894-1847

Bank of America
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634-2413

Capital One
Po Box 31293
Salt Lake City, UT 84131-0293

Chl Holdings
467 Us Highway 27 N
Lake Placid, FL 33852-6839

Citibank/The Home Depot
Citicorp Cr Srvs/Centralized Bankruptcy
Po Box 790040
St Louis, MO 63179-0040

Comenity Bank/Express
Attn: Bankruptcy
Po Box 182125
Columbus, OH 43218-2125

Huntington Bank
Attn: Bankruptcy
7 Easton Oval
Columbus, OH 43219-6060

IRS Centralized Bankruptcy Department
PO Box 7346
Philadelphia, PA 19101-7346

NMAC
Attn: Bankruptcy
Po Box 660366
Dallas, TX 75266-0366



Space Coast Credit Union
Attn: Bankruptcy
8045 N Wickham Road
Melbourne, FL 32940-7920

Space Coast Credit Union
c/o Blaxberg, Grayson, Kukoff & Forteza
25 SE 2nd Avenue
Suite 730
Miami, FL 33131-1696

Space Coast Credit Union
c/o Blaxberg, Grayson, Kukoff & Froteza,
25 SE 2nd Avenue #730
Miami, FL 33131-1696

Synchrony Bank/Lowes
Attn:  Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Synchrony Bank/Yamaha
Attn: Bankruptcy
Po Box 965060
Orlando, FL 32896-5060

Eric Ernesto Garcia
839 E 22nd Street
Hialeah, FL 33013-4222

